UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISON

IN RE APPLICATION OF THE )
UNITED STATES OF AMERICA FOR ) MISC. NO. 2:18-mj-203
AN ORDER PURSUANT TO )
18 U.S.C. § 2703(d) )
angpreti@hotmail.com )
) Filed Under Seal

## APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this ex parte application for an Order pursuant to 18 U.S.C.§ 2703(d). The proposed Order would require Microsoft Corporation, an Internet Service Provider located in Redmond, WA, to disclose certain records and other information pertaining to the email account: angpreti@hotmail.com. The records and other information to be disclosed are described in Attachment A to the proposed Order. In support of this application, the United States asserts:

### LEGAL BACKGROUND

1. Microsoft Corporation is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under§ 2703(d) to require Microsoft Corporation to disclose the items described in Part II of Attachment A. See 18 U.S.C. § 2703(c)(2); 18 U.S.C. § 2703(c)(1).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. See 18 U.S.C. § 2703(d). Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated. See 18 U.S.C. § 2711(3)(A)(i).

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. The United States government, including the Federal Bureau of Investigation, is investigating the illegal export of U.S. goods to an embargoed country, namely Iran. The investigation concerns possible violations by Angelica Preti of the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1701-1706, and the Iranian Transactions and Sanctions Regulations ("ITSR"), 31 C.F.R, §§ 560.203 and 560.204 and, conspiracy in violation of 18 U.S.C. § 371. Angelica Preti is an employee of Toronto, Canada-based company UE Canada Inc. Investigation conducted to date has revealed that Angelica Preti has been complicit in the illegal exportation of U.S. goods to Iran, to include through persons and entities located in the Southern District of Ohio.

5. The investigation relates to the illegal export of U.S. goods to Iran, an embargoed country per the ITSR. This activity is being conducted, in part, using electronics devices and through the sending and receiving of email as provide by internet service providers (ISPs).

2

Investigators believe that matters relevant to the offenses under investigation have been and continue to be discussed using email address angpreti@hotmail.com, an email address which is hosted by Microsoft Corporation. Microsoft Corporation is an internet domain and email hosting provider doing business at 1 Microsoft Way, Redmond, Washington 98052. Investigators believe that the listed subscriber for this email address is Angelica Preti, a target of the investigation. For example, in 2016 alone, Preti, on numerous occasions, copied the above identified email address on email correspondence which involved the logistical operation of exporting U.S. goods to Iran through Hong Kong and Dubai, United Arab Emirates. This activity is part of an ongoing conspiracy.

6. The conduct being investigated involves use of the email account(s) described in Part I, Attachment A. To further the investigation, investigators need to obtain the account information associated with the email address angpreti@hotmail.com, more fully described in Part II, Attachment A.

## REQUEST FOR ORDER

7. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and locate the individual(s) who are responsible for the events described above, and to determine the nature and scope of their activities. Accordingly, the United States requests that Microsoft Corporation be directed to produce all items described in Part II of Attachment A to the proposed Order.

8. The United States further requests that the Order require Microsoft Corporation not to notify any person, including the subscribers or customers of the account(s) listed in Part I of Attachment A, of the existence of the Order from one year from the date of the filing of the

Order. See 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." Id. In this case, such an order would be appropriate because the requested Order relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the requested Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. See 18 U.S.C. § 2705(b)(2), (3), (5). Some of the evidence in this investigation is stored electronically. If alerted to the investigation, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

9. The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Executed on March 6, 2018.

                                                  Respectfully submitted,

                                                  BENJAMIN C. GLASSMAN
                                                  United States Attorney

                                                  */s/ Douglas W. Squires*
                                                  DOUGLAS W. SQUIRES (0073524)
                                                  Assistant United States Attorney
                                                  303 Marconi Boulevard, Suite 200
                                                  Columbus, Ohio 43215
                                                  (614) 469-5715
                                                  Fax: (614) 469-5653
                                                  Douglas.Squires@usdoj.gov